(41 Misc. Rep. 236.)

## SISSON v. CITY OF BUFFALO.

(Supreme Court, Equity Term, Erie County. July, 1903.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—LOWEST BIDDER.

Where brick, accepted for the paving of a street, was of the kind named in the advertisement for proposals, and the one which the taxpayers had petitioned for, and also the kind selected by the common council, after submission of the proposals, the contract is let to the lowest bidder within the charter requiring such a paving to be so let, though the board of public works also advertised for proposals for other materials, and a bid was made to furnish a different kind of brick for a less price.

Action by Lydia L. Sisson against the city of Buffalo to set aside local improvement tax. Complaint dismissed.

Albert H. Jackson, for plaintiff.

Charles L. Feldman and Percy S. Lansdowne, for defendant.

KRUSE, J. The plaintiff challenges the validity of a tax for paving Goodyear avenue, levied against her premises abutting on that avenue, contending that the work for that improvement was not let to the lowest responsible bidder. This claim is controverted by the defendant, and it is further contended on its behalf that the action is in effect one to set aside a tax, and should have been brought within one year, under the requirements of section 116 of the city charter (Laws 1891, p. 160, c. 105); and, furthermore, that if the tax proceeding were void its infirmity is shown by the record itself, and therefore the action will not lie.

Aside from these last two objections, I am persuaded that this action must fail for the reason that the plaintiff has failed to establish that this work was not let to the lowest responsible bidder. The precise claim made on behalf of the plaintiff in that regard is that while the bid of the contractor to whom the contract for doing the work was awarded was the lowest for the kind of brick actually used, namely, ribbed and grooved Mack block brick, yet that one other bid for Mack Manufacturing Company standard brick was lower and should have been accepted. While I am of the opinion that the charter requires the letting of the work to the lowest responsible bidder, as was decided in People ex rel. Godfrey Weiss v. The City of Buffalo, 84 N. Y. Supp. 434, yet I think that the specifications as regards the brick had reference to ribbed and grooved Mack

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 862.

block brick, and that the general specifications must be read in connection with the other proceedings for paving this street, which finally culminated in the contract between the board of public works of the city and the contractors who did the work.

It is to be observed that the petition by the taxpayers specified this kind of brick, all of the proceedings of the common council referred to this kind of brick, and, while the board of public works were required to make specifications for the different kinds of paving material, yet I think it is quite evident, from the advertisement for proposals to do this work caused to be published by the board of public works, that, as regards the brick pavement, it was the intention to limit it to brick of this description. The notice of the board of public works asks for proposals to do this work with various kinds of asphalt, Medina dressed block stone pavement, and with ribbed and grooved Mack block brick, but no reference is made to other kinds of brick. Proposals were received and submitted to the common council, and it designated the material to be used and directed the work to be done, and thereupon the contract was made by the board of public works with the lowest bidder for this kind of work.

This seems to be the method of procedure contemplated by the city charter, and I think complies with sections 272, 283, 397.

The case is entirely barren of any evidence showing that there was fraud in awarding this contract or that it was an improvident contract; but, quite to the contrary, the ribbed and grooved Mack block brick was a commodity to be had in the open market, and the undisputed evidence shows it to have been superior to the other kind of brick for which a lower bid was received.

I think the plaintiff must fail in her action, and judgment is directed dismissing the complaint. Complaint dismissed.